IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LIVINGSTON JARROD WINTERS,

       Appellant,

 v.

Case No.  5D22-818
LT Case No. 2017-CF-1649

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed September 16, 2022

3.850 Appeal from the Circuit Court
for Putnam County,
Alicia R. Washington, Judge.

Matthew R. McLain, of McLain Law,
P.A., Longwood, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.


ON APPELLANT'S MOTION FOR REHEARING

PER CURIAM.

We grant Appellant's motion for rehearing, withdraw the opinion previously issued on July 8, 2022, and substitute the following opinion in its place.

Appellant challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised four grounds for relief. We affirm the summary denial of ground one of Appellant's motion, which asserted a claim for relief based on juror misconduct, but not for the reason provided by the court. *See Guzman-Aviles v. State*, 226 So. 3d 339, 343 (Fla. 5th DCA 2017) (applying the "tipsy coachman" rule in a rule 3.850 summary denial proceeding). Ground one is procedurally barred because, on the face of the motion, it raises a claim that could have been brought on direct appeal. *See Martin v. State*, 322 So. 3d 25, 33 n.6 (Fla. 2021).

We also reject Appellant's separate argument that the postconviction court erred under *Spera v. State*, 971 So. 2d 754 (Fla. 2007), when it summarily denied his claims without providing him an opportunity to amend the motion. *Spera* holds that when a trial court determines a defendant's motion to be legally insufficient, the court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion. *Id.* at 761. *Spera* does not apply here because the lower court's denial of the

2

motion was not based on insufficiency in pleading. *See id.* at 762 ("We also stress that our decision is limited to motions deemed facially insufficient to support relief—that is, claims that fail to contain required allegations. When trial courts deny relief because the record conclusively refutes the allegations, they need not permit the amendment of pleadings."); *see also Ward v. State*, 19 So. 3d 1060, 1061 (Fla. 5th DCA 2009) (en banc) (rejecting the appellant's argument that the trial court erred when it failed to give him an opportunity to correct his facially deficient rule 3.850 motion "[b]ecause it is evident that the trial court addressed the merits of Appellant's claims and did not base its ruling on ostensible pleading deficiencies").

We do, however, reverse the summary denial of grounds two, three, and four of Appellant's motion. The postconviction court erred in concluding that Appellant's claim in ground two that the State failed to disclose alleged evidence favorable to him was not cognizable in a rule 3.850 proceeding. *See Rivera v. State*, 995 So. 2d 191, 195 (Fla. 2008) (addressing the summary denial of a claim raised under rule 3.850 that the State withheld material, favorable information from the appellant). Furthermore, the order referenced various record documents as justifying or supporting the denial of the three grounds. These documents were not

attached to the order, as required by Florida Rule of Criminal Procedure 3.850(f)(5) ("If the [summary] denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order.").

Accordingly, the postconviction court is directed to address the *Brady*[1] claim raised by Appellant in ground two and then either to attach record documents to its order that conclusively show that Appellant is not entitled to relief on the claims raised in grounds two, three, and four, or alternatively, to hold an evidentiary hearing on these claims.

AFFIRMED, in part; REVERSED, in part; and REMANDED for further proceedings consistent with this opinion.

LAMBERT, C.J., TRAVER and NARDELLA, JJ., concur.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).